DURIE TANGRI LLP
RAGESH K. TANGRI (SBN 159477)
rtangri@durietangri.com
ALEX J. FEERST (SBN 270537)
afeerst@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendants
Benchmark Capital Partners VII, L.P.;
Lightspeed Venture Partners IX, L.P.;
General Catalyst Group VI, L.P.;
Institutional Venture Partners XIV, L.P.;
SV Angel IV, L.P.; THL A17 Limited; SF Growth
Fund, L.P.; and GC&H Investments, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| FRANK REGINALD BROWN, IV, <br><br> Plaintiff, <br><br> v. <br><br> SNAPCHAT, INC., a Delaware corporation; TOYOPA GROUP, LLC, a California Limited Liability Company; EVAN THOMAS SPIEGEL, an individual; ROBERT CORNELIUS MURPHY, an individual; LIGHTSPEED VENTURE PARTNERS IX, L.P., a California limited partnership; BENCHMARK CAPITAL PARTNERS VII, L.P., a California limited partnership; INSTITUTIONAL VENTURE PARTNERS XIV, L.P., a Delaware limited partnership; GENERAL CATALYST GROUP VI, L.P., a Delaware limited partnership; GC&H INVESTMENTS, LLC a California limited liability company; SV ANGEL IV, L.P.; a Delaware limited partnership; SF GROWTH FUND, an unknown entity; THL A17 Limited, an unknown entity; and DOES 1 through 25 inclusive, <br><br> Defendants. | Case No. 2:13-cv-08569 RGK (AGR) <br><br> **INVESTOR DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND; REQUEST FOR AWARD OF ATTORNEY'S FEES AND COSTS** <br><br> Date: January 21, 2014 <br> Time: 9:00 a.m. <br> Ctrm: 850, Los Angeles - Roybal <br> Judge: Honorable R. Gary Klausner |

# I.   INTRODUCTION

Plaintiff's conversion claim, the only one brought against the eight Investor Defendants, depends on facts underlying the question of joint authorship of copyrightable material. It is therefore preempted by federal law, specifically 17 U.S.C. § 301(a). As a result, Plaintiff's motion to remand should be denied.

# II.   ARGUMENT

## A.   Plaintiff's Claims For Breach of Implied Partnership And Implied Joint Venture Are Tantamount To A Joint Authorship Claim Under The Copyright Act

Plaintiff's conversion claim against Lightspeed Venture Partners IX, L.P., Benchmark Capital Partners VII, L.P., Institutional Venture Partners XIV, L.P., General Catalyst Group VI, L.P., SF Growth Fund, GC&H Investments, LLC, SV Angel IV, L.P. and THL A17 Limited (the "Investor Defendants") mirrors two of his claims against Spiegel and Murphy (the "Individual Defendants"). As explained in the Individual Defendants' brief, Plaintiff's claims for breach of implied partnership and implied joint venture each state in substance a joint authorship claim. In his remand motion, Plaintiff misunderstands the basis of removal jurisdiction. As a result, he largely attacks a strawman version of Defendants' removal petition. Defendants do not contend that removal jurisdiction exists because, as Plaintiff characterizes it, Plaintiff seeks shares in a company, or the profits from a software application. (Remand Motion at 18-19.)

Rather, Defendants contend that in order to prevail on these two claims, Plaintiff must prove a set of facts that if proven falls within the scope of a claim for joint authorship under the Copyright Act. When, as in this case, a plaintiff's claims require proof of facts that fall within the scope of a claim under the Copyright Act, that claim is preempted. It cannot be saved from preemption by "artfully pleading" the claim as a state law claim while avoiding any mention of the Copyright Act. *See, e.g., Botsford v. Blue Cross & Blue Shield of Mont., Inc.*, 314 F.3d 390, 393 (9th Cir. 2002).

Plaintiff also and relatedly misunderstands the basis of removal jurisdiction for his claim against the Investor Defendants. The Investor Defendants do not contend that

1

Plaintiff's First Amended Complaint ("FAC") alleges conversion of a copyrighted work, or that conversion of an ownership interest in a corporation which owns copyrighted works gives rise to removal jurisdiction.  Plaintiff's arguments in response to those unmade points (Remand Motion at 18-19) are therefore another exercise in rebutting strawmen.

The Investor Defendants argue that removal jurisdiction exists because Plaintiff's supposed ownership interest in Snapchat—i.e., his supposed right to the equity shares that he contends the Investor Defendants have converted—stems from his alleged status as a partner or joint venturer.  And Plaintiff proposes to establish that status by proving up an implied partnership or an implied joint venture.  For the reasons explained in the Individual Defendants' brief, that proof overlaps with proof within the scope of a joint authorship claim, and thus those claims are preempted and subject to removal.  Therefore, Plaintiff's claim for conversion depends upon his first proving a preempted claim.  For that reason, it is removable.

*Cambridge Literary Properties* explains that in the Copyright context, even where a state law remedy requires that plaintiff "first establish the existence of the right giving rise to the remedy[,]" this predicate question of ownership arises under the Copyright Act. *Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H.*, 510 F.3d 77, 84-86 (1st Cir. 2007).  The Investor Defendants cited that case in their portion of the removal petition but Plaintiff makes no effort to address it as it relates to the Investor Defendants' claim of removal jurisdiction.  And what Plaintiff does have to say about the case, discussed it in the context of the Individual Defendants' removal (Remand Motion at 5), is irrelevant.  Here, there is no "contract or other state ownership interest" which may be referred to in order to determine whether there is co-ownership. *Id*.  Plaintiff's claims are for an implied partnership or an implied joint venture.  The question whether one exists requires proof of facts which overlap sufficiently with proof within the scope of a joint-authorship claim to constitute a claim that falls under the Copyright Act. *Cambridge*

*Literary Properties* held that in such circumstances, the Copyright Act, and not the state label, controls.  510 F.3d at 86-88.

### B.   Plaintiff's Conversion Claim Requires No Extra Element Beyond The Facts Underlying Copyright Ownership

The Ninth Circuit uses a two-part test to determine whether the Copyright Act preempts a state law claim.  *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998).  Preemption occurs when: (1) the work at issue falls within the subject matter of copyright; and (2) the rights granted under state law are equivalent to those protected by the Act.  *Id*.  Where the state claim has an "extra element," the rights are not equivalent under the second prong and preemption is avoided.  *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1189-90 (C.D. Cal. 2001).  Plaintiff argues that "ownership of his partnership interest is an extra element not featured in a copyright claim" (Remand Motion at 19:9-10).  But any such ownership interest is not an "extra element," but rather an alternative legal conclusion that could result from proof of the facts Plaintiff proposes to prove.  It is these facts, and their overlap with a joint authorship claim, that brings the claim within the scope of the Copyright Act.  If Plaintiff alleges that a separate state law legal conclusion follows from those facts, doing so does not defeat removal jurisdiction.  Otherwise, any properly-pled state law claim would be unremovable.  Only state law claims deficient on their face could be removed, because every properly-pled state law claim gives rise to a state-law legal conclusion that is not an element of a Copyright claim.  Plaintiff thus misunderstands the import of "extra element" in connection with Plaintiff's conversion claim and in turn fails to show that one exists here.

### C.   Plaintiff Has Failed to Show He is Entitled to Fees

Courts may award attorney's fees and costs under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  When "an objectively reasonable basis exists, fees should be denied."  *Id*.  As discussed above, the Investor Defendants' decision to remove is based on application of established principles of Copyright law to the legal

3

theories and underlying facts alleged by Plaintiff.  Plaintiff's request for fees should be denied.

## III.   CONCLUSION

Plaintiff's lone claim again the Investor Defendants is completely preempted.  This Court has subject-matter jurisdiction.  The Investor Defendants respectfully request that the Court deny Plaintiff's Motion to Remand and Request for Attorney's Fees and Costs.

Dated:  December 30, 2013                                DURIE TANGRI LLP


                                                        By:  _____/s/ Ragesh K. Tangri_____
                                                              RAGESH K. TANGRI
                                                              ALEX J. FEERST

                                                        Attorneys for Defendants
                                                        Benchmark Capital Partners VII, L.P.;
                                                        Lightspeed Venture Partners IX, L.P.;
                                                        General Catalyst Group VI, L.P.;
                                                        Institutional Venture Partners XIV, L.P.;
                                                        SV Angel IV, L.P.; THL A17 Limited; SF
                                                        Growth Fund, L.P.; and GC&H
                                                        Investments, LLC

1

## **<u>CERTIFICATE OF SERVICE</u>**

2          I certify that all counsel of record are being served on December 30, 2013, with a

3    copy of this document via the Court's CM/ECF system.

4

5    Dated:  December 30, 2013                          */s/ Ragesh K. Tangri*
                                                        RAGESH K. TANGRI

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INVESTOR DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND; REQUEST FOR
AWARD OF ATTORNEY'S FEES AND COSTS / CASE NO. 2:13-cv-08569 RGK (AGR)