1 | LEE TRAN LIANG & WANG LLP
    K. Luan Tran (Bar No. 193808)
2 | *luan.tran@ltlw.com*
    James M. Lee (Bar No. 192301)
3 | *james.lee@ltlw.com*
    Cyrus Khojandpour (SBN 260233)
4 | *cyrus.khojanpour@ltlw.com*
    601 S. Figueroa Street, Suite 3900
5 | Los Angeles, California 90017
    Tel.: 213-612-8900 / Fax: 213-612-3773
6
    RAY A. MANDLEKAR, ATTORNEY AT LAW
7 | Ray A. Mandlekar (SBN 196797)
    *raym@mandlekarlaw.com*
8 | 601 S. Figueroa Street, Suite 4050
    Los Angeles, CA  90017
9 | Tel: 213-785-6130 / Fax: 213-254-9001

10 | Attorneys for Plaintiff

11
12                   **UNITED STATES DISTRICT COURT**
13                   **CENTRAL DISTRICT OF CALIFORNIA**
14                          **WESTERN DIVISION**

15 | FRANK REGINALD BROWN, IV,          | CASE NO.: 2:13-CV-8569 RGK (AGRx)
16 |         Plaintiff,                  | Judge: Hon. R. Gary Klausner
17 |    v.                               | Dept.: 850
18 |                                     | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND**
19 | SNAPCHAT, INC., et al.,              |
20 |         Defendants.                 |
21 |                                     | Hearing:
22 |                                     | Date:   January 21, 2014
    |                                     | Time:   9:00 a.m.
    |                                     | Dept.:  850
23 |                                     |
24 |                                     | *[Plaintiff's Request for Judicial Notice and Declaration of Ray Mandlekar Filed Concurrently]*
25
26
27
28

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................ 1

II.  DEFENDANTS MISCHARACTERIZE PLAINTIFF'S COMPLAINT 1

III. PLAINTIFF'S IMPLIED PARTNERSHIP/JOINT VENTURE CLAIMS ALLEGE AND REQUIRE AN "AGREEMENT" ................... 3

IV.  DEFENDANTS CANNOT EVADE NINTH CIRCUIT LAW HOLDING THAT CLAIMS CONCERNING COPYRIGHT OWNERSHIP ARE NOT PREEMPTED BY THE COPYRIGHT ACT 6

V.   DEFENDANTS' CASES ARE INAPPOSITE AND UNDERMINE THEIR OWN POSITION ........................................................................ 8

VI.  THE INVESTOR DEFENDANTS HAVE FAILED TO SHOW THAT PLAINTIFF'S CONVERSION CLAIM IS PREEMPTED .................... 9

VII. DEFENDANTS' APPROACH TO PREEMPTION WOULD YIELD UNDESIRABLE RESULTS ..............................................................10

VIII. CONCLUSION ..............................................................................10

# TABLE OF AUTHORITIES

Page(s)

Cases

*ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108 (9th Cir. 2000) ...........................................................................2

*Boyd v. Bevilacqua*,
247 Cal. App. 2d 272 (1966) ……………………………………………..4

*Dead Kennedys v. Biafra*,
37 F. Supp. 2d 1151 (N.D. Cal. 1999) ............................................................7

*Dolch v. United California Bank*,
702 F.2d 178 (9th Cir. 1983) ......................................................................10

*Foad Consulting Group, Inc. v. Azzalino*,
270 F.3d 821 (9th Cir. 2001)……………………………………………….3

*Gaiman v. McFarlane*,
360 F.3d 644 (7th Cir. 2004)……………………………………………….2

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 2002)....................................................................…10

*G.S. Rasmussen & Assocs. v. Kalitta Flying Serv.*,
958 F.2d 896 (9th Cir. 1992) ........................................................................6

*Holtz v. United Plumbing & Heating Co.*,
49 Cal. 2d 501 (1957)………………………….…………………………..4

*In re Marriage of Geraci*,
144 Cal. App. 4th 1278 (2006)…………………………………………….5

*Kings Road Entertainment, Inc. v. West Coast Pictures*,
2012 WL 5937968 (C.D. Cal. 2012)……………………………...........2, 8

*Koningsberg Int. v. Rice*,
16 F.3d 355 (9th Cir. 1994)………………………………………………..8

*Maglica v. Maglica*,
66 Cal. App. 4th 442 (1998)……………………………………………….6

# TABLE OF AUTHORITIES
## (CONT.)

Page(s)

Cases

*Merchant v. Levy*,
   92 F.3d 51 (2d Cir. 1996)……………………………………………………….2, 9

*Montz v. Pilgrim Films & TV*,
   649 F.3d 975 (9th Cir. 2011) (*en banc*),
   *cert. den.*,132 S. Ct. 550,
   181 L. Ed. 2d 410 (2011)………………………………………..…………8

*MHS-Rossmore, LLC v. Lopez*,
   CV 08-2001-RGK FMOX,
   2008 WL 2397498 (C.D. Cal. June 5, 2008)………………………………....1, 9

*Oddo v. Ries*,
   743 F.2d 630 (9th Cir. 1984)……………………………..............6, 7, 8

*Price v. Fox Entm't Grp.*,
   473 F. Supp. 2d 446 (S.D.N.Y. 2007)………………………………………..6

*Rains v. Criterion Sys., Inc.*,
   80 F.3d 339 (9th Cir. 1996)……………………………………………..1, 2

*Selby v. New Line Cinema*,
   96 F. Supp. 2d 1053 (C.D. Cal. 2000)……………………………………..8

*Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*,
   336 F.3d 982 (9th Cir. 2003) ………………………………………..8, 9

*Simmons v. Ware*,
   213 Cal. App. 4th 1035 (2013)…………………………………………….4

*Starclipz, LLC v. Stargreetz, Inc.*,
   2011 U.S. Dist. LEXIS 54621 (C.D. Cal. May 17, 2011)……………………6, 9

*Sullivan v. First Affiliated Sec.*,
   813 F.2d 1368 (9th Cir. 1987) …………………………………….…2, 7

-iii-

# **TABLE OF AUTHORITIES**
## (CONT.)

Page(s)

Cases

*System XIX, Inc. v. Parker*,
  30 F. Supp. 2d 1225 (N.D. Cal. 1998)……………………………………………8

*Worth v. Universal Pictures*,
  5 F. Supp. 2d 816 (C.D. Cal. 1997)……………………………………….…8

Statutes & Rules

28 U.S.C. § 1441(a) ...........................................................................................7

*Cal. Corp. Code* § 16100 .......................................................................................4

*Cal. Corp. Code* § 16101(10) .................................................................................4

## I. INTRODUCTION

The Ninth Circuit and its district courts have repeatedly held that cases seeking the enforcement of contract and/or partnership rights belong in state court, notwithstanding that these disputes implicate copyrighted materials. Defendants, in contrast, are unable to cite to single case holding that an implied partnership or joint venture claim is preempted by the Copyright Act. To get around this fact, in the oppositions to Plaintiff's Motion for Remand ("Motion" or "Mot.") filed by the Individual Defendants [ECF No.27] ("Ind. Def. Opp.") and the Investor Defendants [ECF No. 25] ("Inv. Def. Opp."), Defendants: (1) mischaracterize Plaintiff's First Amended Complaint ("FAC"); (2) mischaracterize the law of partnership agreements; (3) misquote a controlling Ninth Circuit case; and (4) disregard Ninth Circuit law in favor of foreign cases. These failures and tactics confirm the absence of federal jurisdiction.

## II. DEFENDANTS MISCHARACTERIZE PLAINTIFF'S COMPLAINT

"[T]he existence of federal question jurisdiction must be determined from the complaint." *MHS-Rossmore, LLC v. Lopez*, CV 08-2001-RGK FMOX, 2008 WL 2397498, *1 (C.D. Cal. June 5, 2008) (Klausner, J.). Even where federal law is mentioned in the complaint, this is insufficient to create federal jurisdiction where "the actual cause of action" "sound[s] in state law." *Id.* (*citing to Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343-44 (9th Cir. 1996)).

Defendants assert that Plaintiff's FAC essentially "seek[s] a declaration of joint authorship" under the Copyright Act. Ind. Def. Opp. at 11. This is not so. The FAC contains only state law claims, contains no federal claims, and does not mention federal law or "copyright." Rather, it asserts straightforward express and implied partnership/joint venture claims that are contractual in nature (and related state law claims), and seeks recovery of Plaintiff's one-third ownership interest *in the partnership/joint venture at issue* and related damages. FAC, ¶¶ 27-29, 73-106, Prayer for Relief. The FAC does not allege Plaintiff is a joint author or seek

any declaration that he is a joint-author of the Application. As pled, trial of Plaintiff's claims will concern: (1) whether there was a partnership/joint venture agreement; and (2) whether Defendants breached the agreement by expelling Plaintiff from the partnership/joint venture. Both issues are controlled by state law; no federal questions will arise. Defendants concede the law requires the preemption analysis to focus on the claims "*as they are asserted*" by Plaintiff. Ind. Def. Opp. at 8 (emphasis in original) (quotation omitted). Under this standard, the FAC yields no basis for federal jurisdiction.[1]

Defendants' mischaracterization of Plaintiff's FAC cannot manufacture jurisdiction. *See Rains,* 80 F.3d at 344 (defendants cannot "rewrite a plaintiff's properly pleaded claim in order to remove it to federal court"). "The plaintiff is master to decide what law he will rely upon [citation] and, if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal." *Sullivan v. First Affiliated Sec.*, 813 F.2d 1368, 1371-72 (9th Cir. 1987). Defendants' attempt to manufacture jurisdiction by rewriting the FAC should be rejected.[2]

---

[1] This distinguishes defendants' authorities, wherein federal jurisdiction was created by federal claims in the complaint. *See Kings Rd. Entm't, Inc. v. W. Coast Pictures*, CV 12-7149-CAS JCGX, 2012 WL 5937968, *1 (C.D. Cal. Nov. 26, 2012) (complaint alleged "a single claim for declaratory relief arising under the Copyright Act"); *Gaiman v. McFarlane,* 360 F.3d 644, 648 (7th Cir. 2004) (plaintiff "brought suit under the Copyright Act […] seeking a declaration that he… owns copyrights jointly with [defendant]"); *Merchant v. Levy*, 92 F.3d 51, 52 (2d Cir. 1996) ( "Plaintiffs' claim seek[s] a declaration of co-ownership rights based on their co-authorship of [the song at issue]").

[2] Also, because Copyright Act preemption is a defense, it does not even enter the jurisdictional analysis until Defendants first show that the Copyright Act presents "Complete Preemption." *See* Mot. at 8-9. The Ninth Circuit has ruled that with regard to "Complete Preemption," "[p]reempted state law claims may be removed to federal court *only* in the rare instances where Congress has chosen to regulate *the entire field.*" *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000) (unless otherwise noted, all emphasis is added). The Ninth Circuit has further held that "[i]n enacting the

### III. PLAINTIFF'S IMPLIED PARTNERSHIP/JOINT VENTURE CLAIMS ALLEGE AND REQUIRE AN "AGREEMENT"

Defendants concede that contract claims, whether express or implied, are not normally preempted by the Copyright Act because they present the extra element of an "agreement." Ind. Def. Opp. at 12. Defendants, however, assert that this analysis does not apply to Plaintiff's claims for "Breach of Implied Joint Venture *Agreement*" and "Breach of Implied Joint Venture *Agreement*" (both, the "Implied Contract Claims") because such claims supposedly "do not require proof of a promise or agreement." Ind. Def. Opp. at 12. Defendants are wrong.

Defendants begin their analysis by mischaracterizing Plaintiff's FAC. Defendants represent that Plaintiff "alleges that a partnership was 'implied' as a matter of law—***absent*** any actual agreement." *Id.* at 1 (emphasis in original). This is untrue. The FAC alleges that the implied joint venture is established because "Plaintiff and Individual Defendants manifested an intention to enter into a joint venture *agreement*" (FAC at ¶81); and that the implied partnership is established because "Plaintiff and Individual Defendants manifested an intention to enter into a partnership *agreement*" (FAC at ¶98). Indeed, the claims themselves feature the word "agreement" in their titles.

The FAC's Implied Contract Claims allege an "agreement" because it's required under state law. Like a contract claim, the "implied" nature means simply that the agreement is manifested by conduct, not words. Conclusive on the issue are the jury instructions for Partnerships and Joint Ventures. CACI No. 3711, "Partnerships," provides that "A partnership can be formed by a written or oral agreement or by an ***agreement implied*** by the parties' conduct." Plaintiff's RJN Ex.1. CACI No. 3712, "Joint Ventures," similarly provides that "A joint venture

---

Copyright Act, Congress did *not preempt the field.*" *Foad Consulting Group, Inc. v. Azzalino*, 270 F.3d 821, 827 (9th Cir. 2001). This requires remand here. *See ARCO*, 213 F.3d at 1114 (jurisdiction absent due to lack of "Complete Preemption" because federal act did not "completely occupy the field").

can be formed by a written or an oral agreement or by an ***agreement implied*** by the parties' conduct." Plaintiff's RJN Ex.2. Thus even "implied" partnership/joint venture claims require an "agreement."

Defendants claim that the Revised Uniform Partnership Act ("RUPA") (*Cal. Corp. Code* §§ 16100 *ff.*) shows that implied partnership claims require no agreement. Ind. Def. Opp. at 12-13. But actually, RUPA states that the term "'Partnership agreement'" means "the *agreement*, whether written, oral, or *implied*, among the partners concerning the partnership, including amendments to the partnership agreement." *Cal. Corp. Code* § 16101(10). RUPA thus confirms that even implied partnerships turn on an "agreement."

Caselaw evinces the same understanding. In ruling on an implied joint venture claim, one court explained that "[a] joint venture exists when there is "an *agreement* between the parties under which they have a community of interest, that is, a joint interest, in a common business undertaking, an understanding as to the sharing of profits and losses, and a right of joint control." *Simmons v. Ware*, 213 Cal. App. 4th 1035, 1053 (2013); *see also Boyd v. Bevilacqua*, 247 Cal. App. 2d 272, 285 (1966) ("The law requires little formality in the creation of a joint venture and the *agreement* is not invalid because it may be indefinite with respect to its details"); *Holtz v. United Plumbing & Heating Co.*, 49 Cal. 2d 501, 506-507 (1957) ("in order to create a joint venture there must be an *agreement* between the parties…. Such an *agreement* … may be *implied* as a reasonable deduction from their acts and declarations").

Caselaw confirms also that because of this "agreement," partnerships/joint ventures are contractual in nature. *See, e.g., Boyd*, 247 Cal. App. 2d at 285 (with regard to a joint venture, "[s]uch a *contract* need not be express; it may be implied from the conduct of the parties"); *Simmons*, 213 Cal. App. 4th at 1052 ("A joint venture is a *contractual* undertaking") (quotation omitted; emphasis in original). Defendants cite also to the RUPA Comments. Ind. Def. Opp. at 12. But these only

confirm that a partnership is contractual in nature.  *See* RUPA Comment § 801 ("the partnership agreement, *like any contract*, can be amended at any time").

In contrast, Defendants lack a single case or other authority stating that an implied partnership/joint venture claim need not show an agreement.  Instead, Defendants focus on the fact that an implied partnership/joint venture agreement can exist "whether or not the persons intend to form a partnership."  Ind. Def. Opp. at 13 (citing to RUPA and certain cases).  They claim this somehow means implied partnerships require no agreement.  This is absurd.  It means simply that where the requisite agreement to go into business is present, the partnership/joint venture is established even though the parties lack the *specific understanding that the law will call them "partners."*  This is confirmed in a recent case involving a claim for an implied partnership, wherein the court acknowledged this aspect of RUPA but still held that there "can be no such thing as a partnership with a person who … does not manifest *agreement* to engage in a business enterprise with the other person."  *In re Marriage of Geraci*, 144 Cal. App. 4th 1278, 1293 (2006); *see also id*. at 1292 ("[RUPA] recognize[s] persons may unintentionally create a partnership where their *actions and behavior demonstrate an intent* to engage in business together").

In summary, Defendants are wrong in asserting that Plaintiff's Implied Contract Claims do not require an agreement.  Thus, the analysis of cases holding express and implied contract claims not preempted because they require an agreement applies to Plaintiff's Implied Contract Claims.  *See* Mot. at 9-11, 15-18.

Defendants know Plaintiff's Implied Contract Claims present an agreement.  This is why later in their Opposition, Defendants argue they are a form of implied contract.  *See* Ind. Def. Opp. at 15-16.  Defendants assert that Plaintiff's claims are contracts implied "in law," not "in fact," and thus are preempted.  This assertion is also baseless.  Plaintiff's Implied Contract Claims are of the "implied in fact" variety.  Implied in fact contracts stand in contrast with those implied in law (a/k/a

-5-

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND

"quasi contracts") because only the former require an actual agreement between the parties, albeit one "manifested in conduct rather than expressed in words." *Maglica v. Maglica*, 66 Cal. App. 4th 442, 455 (1998). Because Plaintiff's Implied Contract Claims require – and allege (FAC at ¶¶81-83, 98-100) – an agreement implied from the "conduct" of the parties, they are implied in fact.[3]

## IV. DEFENDANTS CANNOT EVADE NINTH CIRCUIT LAW HOLDING THAT CLAIMS CONCERNING COPYRIGHT OWNERSHIP ARE NOT PREEMPTED BY THE COPYRIGHT ACT

This case is not a dispute over the *ownership of a copyright* or the Application. Plaintiff seeks recovery of his one-third *share in the partnership holding the Application* and the profits, *rights and benefits* from such ownership. *See* FAC Prayer for Relief, ¶2. But even if this were a dispute over the ownership of the Application, Plaintiff has shown (Mot. At 11-12) that Ninth Circuit case law is clear that federal courts lack jurisdiction over ownership disputes between alleged co-owners of a copyright. *See Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984) ("Consequently a suit to bring the co-owner of a copyright to account does not fall within the district court's jurisdiction over actions arising under the copyright law" and that this holds true regardless of whether the disputed co-ownership in the copyrighted work arises from "joint authorship" or a partnership").

Defendants' response to this binding authority is to first attempt to direct the Court away from it in favor of other cases from the Second, Fifth and Seventh Circuits. Ind. Def. Opp. at 16-17. This is invalid; this Court is bound to follow

---

[3] In any event, Defendants' claim that implied in law contracts are "uniformly" held preempted (Ind. Def. Opp. at 15) is untrue. *See, e.g.*, *Starclipz LLC v. Stargreetz, Inc.*, 2011 U.S. Dist. LEXIS 54621, *7 (C.D. Cal. May 17, 2011) (no preemption of "unjust enrichment" claim); *G.S. Rasmussen & Assocs. v. Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992) (conversion claim not preempted by the Copyright Act because "California courts would imply a contract" in the situation).

Ninth Circuit precedent. Defendants cite to *Price v. Fox Entm't Grp.*, 473 F. Supp. 2d 446, 453 (S.D.N.Y. 2007) for the proposition that a co-author's duty "to account … for profits… is covered by federal copyright law." Ind. Def. Opp. at 11 n5. This is in direct conflict with the Ninth Circuit's holding in *Oddo* that this duty instead derives from state law. 743 F.2d at 633.

Defendants next attempt to argue that *Oddo* and a case following it, *Dead Kennedys v. Biafra*, 37 F. Supp. 2d 1151, 1152-53 (N.D. Cal. 1999) (discussed in Mot. at 12-13) are distinguishable because, supposedly, those cases involved claims where ownership was "conceded" or "undisputed." Ind. Def. Opp. at 17-18. This is not true. Defendants claim that while *Oddo* held that state law controls claims concerning "joint-authorship," it supposedly qualified this by explicitly stating that such applies only where "'co-ownership (by joint authorship) is conceded'." Ind. Def. Opp. at 17 n9 (purporting to *quote Oddo* "at 633"). **But this statement does not actually appear in the *Oddo* opinion**. Also, the *Oddo* Court makes no mention of the claims being conceded or undisputed and the court never qualified its holding on this basis.[4]

Defendants' assertion that *Dead Kennedys* concerned an "undisputed" partnership is also unsubstantiated – the case does not say this. In any event, *Dead Kennedys* actually makes clear that the rule of *Oddo* applies even where ownership is disputed: "An action for an accounting or determination of ownership as between ***alleged*** co-owners is founded in state law and does not arise under the copyright laws. [*citing to Oddo*]. These rules apply whether co-ownership arises from *joint authorship* or through co-ownership of rights through a partnership. *See id*)." *Dead Kennedys*, 37 F. Supp. 2d at 1153.

---

[4] Also, *Oddo* explains that joint authors are *unable* to bring federal infringement claims against each other. *See* Mot. at 11. This thwarts removal because "[a] suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan*, 813 F.2d at 1371. Defendants do not even respond to this aspect of *Oddo*.

The Ninth Circuit has stated broadly that copyright ownership disputes, especially those based on contract principles, should be resolved in state courts. *See, e.g., Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 336 F.3d 982, 983 (9th Cir. 2003) ("[b]ecause questions regarding the ownership of a copyright are governed by state law, we determine that subject matter jurisdiction is lacking …").

## V. DEFENDANTS' CASES ARE INAPPOSITE AND UNDERMINE THEIR OWN POSITION

Defendants cite to *System XIX, Inc. v. Parker*, 30 F. Supp. 2d 1225, 1231 (N.D. Cal. 1998), as a case finding preemption. Ind. Def. Opp. at 11 n5. But there, the plaintiff sought to enforce its rights "under the Copyright Act" and did "not dispute" that its state law claim was equivalent to one under the Copyright Act. *Id.* at 1227, 1231. This is not the situation here. *Koningsberg Int. v. Rice*, 16 F.3d 355 (9th Cir. 1994) also does not aid Defendants. That case did not concern preemption or jurisdiction, but rather an attempt to plead compliance with the Copyright Act's statutory written transfer requirements. *Id.* at 358. [5]

As to *Kings Rd.*, again, federal jurisdiction was present because the plaintiff relied on the Copyright Act in his complaint. 2012 WL 5937968 at *3. If anything, *Kings Rd.* confirms the line of cases discussed in the preceding section by holding that "federal court lacks subject matter jurisdiction over an action that seeks nothing more than a determination of ownership based on contract

---

[5] Defendants also cite to certain older cases from within this Circuit finding preemption, *Worth v. Universal Pictures*, 5 F. Supp. 2d 816, 821 (C.D. Cal. 1997) and *Selby v. New Line Cinema*, 96 F. Supp. 2d 1053, 1058 (C.D. Cal. 2000). But in the recent case of *Montz v. Pilgrim Films & TV*, 649 F.3d 975, 976 (9th Cir. 2011) (*en banc*), *cert. den.*, 132 S. Ct. 550, 181 L. Ed. 2d 410 (2011), wherein the Ninth Circuit held that an implied contract claim to recover a *partnership interest in the proceeds of a copyrighted work* was not preempted by the Copyright Act, it named both *Selby* and *Worth* as cases that no longer represent the state of the law on preemption. *Id.* at 980.

-8-

principles." *Id.* at *2. The *Merchant* case, cited by Defendants, also undermines their position. *See* 92 F.3d at 55 (no copyright preemption "where a dispute as to copyright ownership arises under an agreement between the parties"). These cases show that because Plaintiff's FAC does not seek relief based on any status as a co-author under the Copyright Act – but rather relies on state law contract theories – there is no preemption.

## VI. THE INVESTOR DEFENDANTS HAVE FAILED TO SHOW THAT PLAINTIFF'S CONVERSION CLAIM IS PREEMPTED

Citing cases such as *Rasmussen* and *Starclipz*, Plaintiff demonstrates that his Conversion Claim against the Investor Defendants is not preempted because it seeks recovery of his ownership interest in the partnership/Snapchat, Inc., and does not target the wrongful reproduction of copyrightable material. *See* Mot. at 18.

The Investor Defendants do not discuss these on-point cases or the analysis they present. Instead, they rely on the supposed preemption of the Implied Contract Claims and assert that proof of those claims "overlaps with proof within the scope of a joint authorship claim." Inv. Def. Opp. at 2. This approach is flawed. As demonstrated above, the Implied Contract Claims are not preempted. And "proof" "overlap" with a federal claim not advanced is not the test of preemption; the Investor Defendants have no case saying it is. Even if copyright law was somewhat implicated by the FAC, this would not yield preemption. *See MHS-Rossmore*, 2008 WL 2397498 at *2 ("The Ninth Circuit has stated that the fact that federal law plays some role in a cause of action is not sufficient to transform a state claim into a federal claim"); *Scholastic Entm't, Inc.*, 336 F.3d at 985 ("[I]t is well established that just because a case involves a copyright does not mean that federal subject matter jurisdiction exists.").

Also, as Plaintiff explained in his Motion, establishing (1) his ownership interest in the partnership and (2) the Investor Defendants' wrongful taking thereof are two "extra elements" of conversion satisfying the actual legal test of lack of

preemption. *See* Mot. at 19 (citing cases). The Investor Defendants fail to carry their burden to show this is not the case. They claim only that Plaintiff's "ownership interest is not an 'extra element'" of conversion, but is rather "an alternative legal conclusion." Inv. Def. Opp. at 3. The Investor Defendants are incorrect. Both of these are elements of conversion. *See* Mot. at 19 (citing cases); *Rasmussen,* 958 F.2d at 940 (the elements of conversion are "ownership or right to possession of property, wrongful disposition of the property right and damages").

## VII. DEFENDANTS' APPROACH TO PREEMPTION WOULD YIELD UNDESIRABLE RESULTS

"Contract questions that depend on common law or equitable principles belong in state court." *Dolch v. United California Bank*, 702 F.2d 178, 180 (9th Cir. 1983). This approach is the only sensible one. *Virtually every corporation and partnership owns some material subject to copyright*. Holding state law contract/partnership disputes preempted – as Defendants urge the rule should be – would necessarily land all such disputes in federal court, even though their resolution turns only on state law principles. This cannot possibly be the intent of Congress in enacting the Copyright Act. Parties such as Plaintiff must be permitted to pursue their partnership and corporate rights under state law.

## VIII. CONCLUSION

There is "a strong presumption against removal," and "[f]ederal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566-67 (9th Cir. 2002). Defendants have failed to carry their burden to show removal is proper. This Court should remand this case to state court and grant Plaintiff the requested attorneys' fees.

Dated: January 7, 2014            RAY A. MANDLEKAR, ATTORNEY AT LAW

                                  By: Ray A. Mandlekar

1  LEE TRAN LIANG & WANG LLP
2  K. Luan Tran
   James M. Lee
3  Cyrus Khojandpour
   Lisa J. Chin
4
5  Attorneys for Plaintiff
   Frank Reginald Brown, IV

-11-

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND