JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-08569 RGK (AGRx) | Date | February 3, 2014 |
|---|---|---|---|
| Title | *Frank Reginald Brown IV v. Snapchat, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Plaintiff's Motion to Remand (DE 23); Defendants' Motion to Dismiss (DE 18; DE 20)

## I.   INTRODUCTION

On February 21, 2013, Frank Reginald Brown, IV ("Plaintiff") sued Evan Thomas Spiegel ("Spiegel") and Robert Cornelius Murphy ("Murphy") (collectively, "Individual Defendants") as well as Snapchat, Inc. and Toyopa Group, LLC ("Toyopa") (collectively, "Snapchat Defendants") in Los Angeles Superior Court. In the complaint (the "Original Complaint"), Plaintiff asserted claims for (1) Breach of Joint Venture Agreement; (2) Breach of Partnership Agreement; (3) Breach of Fiduciary Duty; (4) Conversion; (5) Unjust Enrichment; (6) Accounting; and (7) Declaratory Relief.

On October 23, 2013, Plaintiff filed his First Amended Complaint ("FAC"). In the FAC, Plaintiff added claims against Individual Defendants for Breach of Implied Joint Venture Agreement and Breach of Implied Partnership Agreement. Also in the FAC, Plaintiff added as defendants Lightspeed Venture Partners IX, L.P., Benchmark Capital Partners VII, L.P., Institutional Venture Partners XIV, L.P., General Catalyst Group VI, L.P., GC&H Investments, LLC., Angel IV, L.P., SF Growth Fund, and THL A17 Limited ("Venture Capitalist Defendants") (collectively with Individual Defendants and Snapchat Defendants, "Defendants") and brought a Conversion Claim against them.

On November 20, 2013, Defendants removed the action to this Court on the basis of purported federal question jurisdiction under the Copyright Act. Then, on December 16, 2013, Individual Defendants and Venture Capitalist Defendants filed Motions to Dismiss.

Currently before the Court is Plaintiff's Motion to Remand and Request for Award of Attorney's

Fees and Costs, Venture Capitalist Defendants' Motion to Dismiss, and Individual Defendants' Motion to Dismiss. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Plaintiff's Request for Award of Attorney's Fees and Costs. In light of the decision to remand, the Court **DENIES** as moot Venture Capitalist Defendants' Motion to Dismiss and Individual Defendants' Motion to Dismiss.

## II.     FACTUAL BACKGROUND

Plaintiff alleges that as a junior at Stanford University in the spring of 2011, he conceived of a mobile phone application (the "Application") for sending picture messages that automatically delete themselves. Plaintiff alleges that he then shared the idea with his fraternity brother, Spiegel, and they began to develop the Application together, forming a partnership with the intention of splitting profits 50-50. Plaintiff and Spiegel then added Murphy into the partnership. After several months of developing the Application together, the three students released the product to the public in the summer of 2011.

Following the release, Plaintiff alleges that Individual Defendants excluded Plaintiff from the project and denied him his share of the profits. Individual Defendants formed a corporation called Toyopa to profit from the Application, and excluded Plaintiff. Later, Individual Defendants changed the company name to Snapchat, Inc. As the Application's popularity grew, Venture Capitalist Defendants began investing in Snapchat, Inc. Plaintiff alleges that he was wrongfully excluded from profits in each of these deals. As a result, Plaintiff brought this action.

In the Original Complaint, Plaintiff alleged that Individual Defendants wrongfully transferred his one-third partnership interest to Toyopa and then to Snapchat, Inc. The face of the Original Complaint mentioned no federal claims, no federal law, and no copyright issues. The Original Complaint instead alleged that Individual Defendants wrongfully excluded Plaintiff from his one-third interest in the partnership/joint venture.

In the FAC, Plaintiff alleges largely the same causes of action against Individual Defendants as the Original Complaint, but also adds breach of an implied joint venture/partnership agreement, formed by the conduct of Plaintiff and Individual Defendants. Additionally, Plaintiff added a conversion claim against Venture Capitalist Defendants for conversion of his partnership interest when they invested in Snapchat, Inc. Like the Original Complaint, the FAC does not allege any federal claims on its face.

Defendants removed the case to this Court arguing that because the Application is a copyrightable computer program, the Breach of Implied Joint Venture/Partnership Agreement Claims are preempted by the Copyright Act. Defendants allege that Plaintiff's claims were not partnership/joint venture claims, but were rather a joint authorship claim disguised as state law claims. Additionally, Venture Capitalist Defendants allege that the Conversion Claim against them is preempted by the Copyright Act. As a result, Defendants contend, this Court has subject matter jurisdiction.

## III.    JUDICIAL STANDARD

A defendant may remove a case to federal court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of the evidence that removal is proper. *Id.* at 566–67.

## IV.     DISCUSSION

Defendants oppose Plaintiff's Motion to Remand. Individual Defendants allege that Plaintiff's Breach of Implied Partnership/Joint Venture Agreement Claims are actually a joint authorship of a copyrighted work claim disguised as a state law claim. Therefore, Individual Defendants argue, the claims are completely preempted by federal copyright law. Venture Capitalist Defendants allege that the Copyright Act also preempts Plaintiff's Conversion Claim against them and can therefore be removed to federal court. The Court disagrees.

### A.  Plaintiff Does Not Allege Federal Questions On the Face of the Complaint

Federal courts have jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action arises under Section 1331 "only if a federal question appears on the face of plaintiff's well-pleaded complaint; original jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan v. First Affiliated Sec.*, 813 F.2d 1368, 1371 (9th Cir, 1987).  The plaintiff may decide what law to rely upon, and "if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal." *Id.* at 1371-72.

The Court finds that, on its face, the FAC raises no federal questions: Plaintiff makes no federal law claims and does not mention copyright in the FAC. Therefore, Defendants can only establish federal question jurisdiction under the artful pleading, complete preemption doctrine.

### B.  The Copyright Act Does Not Completely Preempt Plaintiff's Breach of Implied Partnership/Joint Venture Agreement Claims

Defendants contend that the Copyright Act completely preempts Plaintiff's claims, and that removal is proper on that basis. The Court disagrees.

While preemption is ordinarily merely a federal defense, and does not therefore provide a basis for removal, removal is proper in cases of "complete preemption." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007). This is because a "plaintiff may not defeat removal by masking or 'artfully pleading' a federal claim as a state claim." *Sullivan*, 813 F.2d at 1371-72.

The Ninth Circuit uses a two-prong test to determine whether the Copyright Act completely preempts state law. *Del Madera Prop. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987). Copyright law preempts state law if: (1) the subject matter of Plaintiff's claim comes "within the 'subject matter of copyright' as defined in Sections 102 and 103 of the Copyright Act"; and (2) "the rights granted under state law [are] 'equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106 [of the Copyright Act].'" *Id.* In regards to the second prong, "[t]he state claim must have an 'extra element' which changes the nature of the action" to avoid preemption. *Id.* at 977.

Defendants argue that Plaintiff's Breach of Implied Partnership/Joint Venture Agreement Claims are federal law claims dressed as state law claims. Defendants contend that Plaintiff's claims have the same subject matter and grant the same rights as a joint authorship copyright claim, governed exclusively by federal law. 17 U.S.C. § 201(a) states that "authors of a joint work are coowners of copyright in the work." A coowner of a copyright has the exclusive rights to reproduce the work, prepare derivatives, distribute copies, and perform/display the work. 17 U.S.C. § 106. If a person infringes the rights of a copyright owner, the owner's remedies include "actual damages and any additional profits of the infringer . . . that are attributable to the infringement." 17 U.S.C. § 504(a)-(b).

In contrast, a partner's default rights under California state law include equal share in the profits and losses of the partnership and "equal rights in the management and conduct of the partnership business." Cal. Corp. Code § 16401. Additionally, "[a] difference arising as to a matter in the ordinary course of business of a partnership may be decided by a majority of the partners. An act outside the ordinary course of business of a partnership . . . may be undertaken only with the consent of all of the partners." *Id*. Similarly, the California Supreme Court has defined a joint venture as an agreement between the parties to share in the profits and losses and to co-control a joint interest. *See, e.g., Holtz v. United Plumbing & Heating Co.*, 49 Cal. 2d 501, 506-07 (1957). Because rights under partnership and joint venture law are broader than the rights set forth in 17 U.S.C. § 106, these rights are not equivalent to any exclusive rights in the Copyright Act. Therefore, the Court finds that Defendants' argument mischaracterizes Plaintiff's allegations, and the claims cannot be removed to federal court on the basis of complete preemption.

### C. The Copyright Act Does Not Completely Preempt Plaintiff's Conversion Claim

Venture Capitalist Defendants allege that Plaintiff's Conversion Claim depends on proving the Breach of Implied Partnership/Joint Venture Agreement Claims. Venture Capitalist Defendants argue that because those claims are preempted by the Copyright Act, the Conversion Claim is preempted as well. As discussed above, Plaintiff's Breach of Implied Partnership/Joint Venture Agreement Claims are not preempted by federal law. For this reason, Plaintiff's Conversion Claim does not provide a basis for removal.

### D. Plaintiff Is Not Entitled to Attorney's Fees and Costs

Plaintiff requests attorney's fees and costs for improper removal under 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit..." *Id.* Even though Defendants' arguments lack merit, the Court is not persuaded that an objectively reasonable litigant in the position of Defendants could not have concluded that the claims are removable. As a result, the Court denies Plaintiff's Request for Attorney's Fees and Costs.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Remand and **DENIES** Plaintiff's Request for Award of Attorney's Fees and Costs. The Court **DENIES** as moot Venture Capitalist Defendants' Motion to Dismiss and Individual Defendants' Motion to Dismiss.

### IT IS SO ORDERED.

:

**Initials of Preparer**